UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

JOHN CARMINUCCI and
TIN CAN HOLDINGS, LLC,

                            Plaintiffs,                  **DECISION AND ORDER**

   -against-                                                 18-cv-2936 (AEK)

SAL PENNELLE, BEAU P. DESIMONE, and
TOWN OF MOUNT PLEASANT

                            Defendants.
---------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.[1]**

On August 14, 2020, the Honorable Lisa Margaret Smith issued a Decision and Order granting in part and denying in part the motion for summary judgment filed by defendants Sal Pennelle, Beau P. DeSimone, and the Town of Mount Pleasant ("Defendants"). *Carminucci v. Pennelle*, No. 18-cv-2936 (LMS), 2020 U.S. Dist. LEXIS 146937 (S.D.N.Y. Aug. 14, 2020); ECF No. 64 (the "Decision"). The Court assumes the parties' familiarity with the facts of this case, which are summarized in the Decision, and with the legal rulings in the Decision itself.

Defendants filed a motion for reconsideration of certain portions of the Decision pursuant to Local Civil Rule 6.3 of the Local Civil Rules of the Southern and Eastern Districts of New York ("Local Civil Rule 6.3") on August 28, 2020. ECF No. 65. Plaintiffs John Carminucci and Tin Can Holdings, LLC ("Plaintiffs") opposed the motion, but did not separately seek reconsideration of any of the portions of the Decision that granted summary judgment to

---

[1] The parties originally consented to the jurisdiction of Magistrate Judge Lisa Margaret Smith for all purposes pursuant to 28 U.S.C. § 636(c) on November 9, 2018. ECF No. 27. The case was reassigned to the undersigned on October 15, 2020.

Defendants.  *See* ECF No. 67.  For the reasons that follow, Defendants' motion for reconsideration is DENIED.

### 1. Timeliness of Motion

As a threshold matter, Plaintiffs contend that Defendants' motion for reconsideration is untimely because Local Civil Rule 6.3 purportedly requires such a motion to be filed "within 10 days after the docketing of the court's determination of the original motion." ECF No. 67 at 1. Oddly, Defendants, in their own memorandum of law in support of their motion for reconsideration, also quote a version of Local Civil Rule 6.3 that states that such a motion must be served within 10 days of the docketing of the decision on the original motion.  ECF No. 66 at 1.  But these are simply not correct references to the current version of Local Civil Rule 6.3.  The current text of the Rule, which was in effect at the time Defendants filed their motion for reconsideration, clearly states that "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within *fourteen (14) days* after the entry of the Court's determination of the original motion . . . ." (emphasis added).  Defendants filed their motion for reconsideration on August 28, 2020, exactly 14 days after Judge Smith issued the Decision and Order on Defendants' motion for summary judgment.  Accordingly, the motion for reconsideration was timely filed.

### 2. Legal Standard for Motion for Reconsideration

"In the interests of finality and conservation of scarce judicial resources, the Court will grant reconsideration of its orders only in extraordinary circumstances." *Nutting v. Zimmer, Inc.*, No. 18-md-2859 (PAC), 2021 U.S. Dist. LEXIS 177530, at *29 (S.D.N.Y. Sept. 17, 2021) (quotation marks and alteration omitted).  "A party moving for reconsideration under Local Civil Rule 6.3 must 'point to controlling decisions or data that the court overlooked—matters, in other

words, that might reasonably be expected to alter the conclusion reached by the court.'" *Id.* (quoting *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995)). "[Local Civil] Rule 6.3 is intended to ensure the finality of decisions and to prevent the practice of a losing party plugging the gaps of a lost motion with additional matters. A court must narrowly construe and strictly apply [Local Civil] Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent [Local Civil] Rule 6.3 from being used to advance different theories not previously argued . . . ." *Hinds County v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378, 407 (S.D.N.Y. 2010) (quotation marks, citations, and alteration omitted). "A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotation marks omitted).

   3.   **Analysis**

       a.   **Claims Pertaining to the Overgrowth Regulation**

Defendants argue that Judge Smith should not have allowed claims for selective enforcement or First Amendment retaliation to proceed based on the Town of Mount Pleasant's prosecution of Plaintiffs under the overgrowth provision of the Mount Pleasant Town Code, because such claims were not fairly presented in the complaint in this action. *See* ECF No. 66 at 2-4. The Court disagrees.

While the complaint is not a model of clarity,[2] paragraph 38 discusses the July 30, 2015 information, states that the information was signed by Defendant Pennelle, and describes it as

---

[2] Indeed, Judge Smith found that Plaintiffs' third cause of action "restated the previously stated claims," and therefore decided to "analyze[] the third cause of action along with the substantially similar claims." Decision at 1 n.2.

being issued "in furtherance of the retaliatory intent referenced in plaintiffs' second cause of action and the selective prosecution referenced in the first." *See* ECF No. 1 ¶ 38.  In addition, this paragraph highlights several of the alleged offenses cited in the information, and specifies that the information "falsely claimed that plaintiffs were in violation" of Town Code section "218-22 by their failure to have submitted a site plan," section "218-23 by their failure to obtain a special permit for their operation," and section 162 "*for property maintenance offenses*." *Id.* (emphasis added).  As detailed in the information itself, one subsection of Section 162 requires that "[a]ll landscaping shall be well maintained so that lawns, hedges, bushes and trees shall be kept trimmed and free from becoming overgrown and unsightly where exposed to public view and where the same may constitute a blighting factor thereby depreciating adjoining property." *See* ECF No. 46-23 at 1.  Paragraph 39 of the complaint alleges certain reasons why the claims in the information supposedly were false.  ECF No. 1 ¶ 39.  The complaint then goes on to allege that "[i]n so proceeding, defendant Pennelle selectively cited plaintiffs for non-existent violations; he has not, likewise, cited any other similarly-situated commercial business with false violations."  *Id.* ¶ 40.

Taken together, these three paragraphs of the complaint indicate that Plaintiff was raising challenges to *all* of the allegedly false claims in the information, and particularly those violations specified in paragraph 38—including the "property maintenance" citation, which encompasses the alleged violation of the overgrowth provision.  Moreover, the phrase "in so proceeding" in paragraph 40 is best interpreted as referring to Defendant Pennelle "proceeding" with the entire information.  Defendants focus exclusively on the allegations in paragraph 39 to argue that only these particular bases for the supposed falsity of the charges in the information should be deemed to have been fairly presented in the complaint.  *See* ECF No. 66 at 3.  But this selective approach

4

ignores the language of the surrounding paragraphs, which require a broader reading of the allegations regarding the information.

It is also worth noting that Plaintiffs did discuss the "property maintenance" charge—including the overgrowth provision—in their opposition to the motion for summary judgment. *See* ECF No. 50 at 14.  While Defendants are correct that a party may not raise a claim or defense for the first time in summary judgment briefing, the better reading here is that Plaintiffs' opposition brief made arguments based on the allegations in the complaint that pertained to the property maintenance allegations in the information.  Defendants briefly touch on property maintenance in their reply brief, but do not say anything about Plaintiffs' point about the overgrowth regulation.  *See* ECF No. 55 at 5.  They also do not argue in the reply brief that Plaintiff was improperly raising claims about the overgrowth provision for the first time.

Defendants offer additional argument in their motion for reconsideration about evidence they "could have pointed to" had they understood the complaint to be raising claims about the overgrowth provision.  ECF No. 66 at 3-4.  But because the Court concludes that the complaint did provide adequate notice of a claim regarding the overgrowth provision, it is not appropriate to consider this evidence at this stage given the requisite narrow construction and strict application of Local Civil Rule 6.3.  *See Hinds Cnty.*, 700 F. Supp. 2d at 407 ("[Local Civil] Rule 6.3 is intended to ensure the finality of decisions and to prevent the practice of a losing party plugging the gaps of a lost motion with additional matters.).

For all of these reasons, Defendants' motion for reconsideration of the portion of the Decision pertaining to the overgrowth provision of the Mount Pleasant Town Code is DENIED.

### b. Claims Pertaining to Parking Vehicles on Garrigan Avenue

Defendants next argue that Judge Smith should not have "severed" Plaintiff's claims regarding alleged violations of the off-street parking provisions of the Mount Pleasant Town Code by separately addressing the allegedly illegal parking of vehicles on Broadway and the allegedly illegal parking of vehicles on Garrigan Avenue. Again, the Court disagrees.

The July 30, 2015 information includes a section listing the "grounds" for Defendant Pennelle's belief that Plaintiffs had violated four overarching provisions of the Mount Pleasant Town Code. *See* ECF No. 46-23 at 3. With respect to the alleged parking violation, Defendant Pennelle stated that he "also observed and continues to observe motor vehicles illegally parked in the front yard setbacks, *on Broadway and Garrigan Ave* in violation of the Town Code." *Id.* (emphasis added). It is certainly reasonable to conclude from this language that Defendant Pennelle was referring to two separate parking violations here—one pertaining to parking on Broadway and one pertaining to parking on Garrigan Avenue. The first page of the information lists four code provisions that Plaintiffs are alleged to have violated. *Id.* at 1. But even within the context of this case, that method of presentation cannot be understood to mean that there was only one single violation of each of the listed provisions. Indeed, there is only one entry in that section of the information for "property maintenance" violations, yet there is no dispute that Plaintiffs are alleged to have committed multiple violations of the "property maintenance" provision of the Town Code. We know what all of those violations are by looking at the "grounds" section of the information, where "property maintenance" violations are listed. Judge Smith understandably applied the same logic to the parking violations, which are also listed separately in the "grounds" section of the information. Allegedly illegal parking on Broadway and allegedly illegal parking on Garrigan Avenue are properly understood in the context of this

information as two distinct violations, and not simply facts "relevant to the magnitude of the violation."  *See* ECF No. 66 at 5.

Defendants also challenge Judge Smith's ruling that there was no probable cause to allege a parking violation on Garrigan Avenue because Defendant Pennelle did not "establish whether he investigated or confirmed the legal, non-conforming status of Plaintiffs' property on Garrigan Avenue."  Decision at 24-25; *see* ECF No. 66 at 5.  Defendants contend that the landowner bears the burden of establishing that a property use is grandfathered and that facts giving rise to a potential affirmative defense do not negate probable cause.  ECF No. 66 at 5.  But these arguments fail to acknowledge the long and contentious history involving Plaintiffs' property, including 2008 state court litigation over the question of whether the property had a grandfathered use and how this would affect parking at the site, and 2011 charges of Town Code violations in connection with parking at the site.  The complex history is certainly relevant to the question of what Town employees should or should not have known or done before filing charges against Plaintiffs, particularly with respect to the off-street parking violations.

The cases cited by Defendants as law that was overlooked in connection with the Decision are all easily distinguishable.  In *United States v. Mahmood*, No. 07-mj-603 (SMG), 2009 U.S. Dist. LEXIS 35153, at *1-3 (E.D.N.Y. Apr. 27, 2009), a defendant unsuccessfully challenged a warrant, which had been supported by probable cause, for her arrest for allegedly knowingly and intentionally removing her son from the United States with the intent to obstruct the lawful exercise of the parental rights of the child's father.  Mahmood claimed that she was fleeing a pattern of domestic violence at the time she left the country, which potentially could have been an affirmative defense to the criminal charge.  *Id.* at *1-2.  Setting aside the obvious differences—the *Mahmood* case involves the application of federal criminal procedure to an

arrest warrant—there was no indication that the federal law enforcement agent who sought that arrest warrant was aware of any potential mitigating factors, or had any history with any relevant party in the prosecution that potentially should have prompted him to inquire about such facts before taking action on a crime in progress. *See id.* at *2-3. And while *Matter of Jacobsen v. Town of Bedford Zoning Board of Appeals*, 24 Misc. 3d 1217(A) (Sup. Ct. Westchester Cnty. July 31, 2007) and *McQuade v. Zoning Board of Appeals*, 248 A.D.2d 286, 386 (2d Dep't 1998) may properly address the burden of proof on landowners for purposes of civil zoning and land use decisions, neither one of those decisions makes any reference to how those principles apply in the context of an enforcement official's obligations when attempting to establish probable cause for charging instruments.

Given these facts and circumstances, it cannot be said that Judge Smith overlooked controlling decisions or data such that this would be one of the "extraordinary circumstances" where the granting of a motion for reconsideration is warranted. Accordingly, Defendants' motion for reconsideration of the portion of the Decision pertaining to the alleged off-street parking violation on Garrigan Avenue is DENIED.

        **c.**        **Claims Pertaining to the Site Plan Law**

Defendants next challenge Judge Smith's decision to allow Plaintiffs' claim pertaining to an alleged violation of the site plan provision of the Mount Pleasant Town Code to proceed. In the Decision, Judge Smith concluded that the property does not have a site plan. ECF No. 64 at 24. But a lack of a site plan would only be a violation if, as the information alleges, site plan approval was required in order for Plaintiffs to operate a repair garage on the property. *See* ECF No. 46-23 at 3. Plaintiffs argue that no such site plan was required because the automotive repair

garage on the property was a legal, non-conforming use and did not require a special use permit.[3] Judge Smith concluded that there was not probable cause for the issuance of the site plan violation in the information because Defendant Pennelle did not investigate or confirm the legal, non-conforming status of Plaintiffs' property. ECF No. 64 at 24-25.

Here, Defendants have pointed to a provision of the Town Code that requires special use permits for automobile repair garages to be issued for 15-year periods. *See* ECF No. 46-24 at 4-6 (§ 218-33(H) indicates that permits for gasoline filling stations shall be issued conditionally for 15-year periods; § 218-34 indicates that "[a] motor vehicle repair or service garage shall be subject to the same standards and requirements set forth in this chapter for gasoline filling stations"). Defendants also presented evidence that Plaintiffs' predecessor in interest submitted a site plan and received a special use permit in October 1994. *See* ECF No. 46-2. There is no indication in the record that Plaintiffs have properly submitted a site plan and application for special use permit for the property since the expiration of the 15-year special use permit period in October 2009. Plaintiffs' principal responses to this portion of the motion are that Defendants "do not demonstrate that there was any such [renewal] requirement in June 2015," at or about the time the information was issued in July 2015, *see* ECF No. 67 at 5, and that Defendants "make no effort to explain why they initiated proceedings six years after the expiration of this prior special use permit if, in fact, there was an extant requirement for renewal." ECF No. 67 at 5.

If the above-cited Town Code provisions requiring renewal of special use permits every 15 years were in effect in 2015, then it is no defense to an alleged violation of those provisions that the Defendants had taken too long to pursue enforcement from the time the 1994 permit

---

[3] As set forth in the Town Code, a site plan must be submitted with an application for a special permit. *See* ECF No. 46-23 at 2; ECF No. 64 at 24.

9

expired in 2009.  But it is not entirely clear from the printed section of the Town Code that Defendants submitted in connection with their motion whether these relevant provisions were, in fact, in effect in 2015 or not.  *See* ECF No. 46-24.  While this is a fact that can be easily clarified, the Court does not have sufficient information at this time to determine this issue.  Accordingly, this aspect of Defendants' motion for reconsideration is DENIED WITHOUT PREJUDICE TO RENEWAL.  Because the case will proceed to pretrial submissions regardless of the outcome of this particular dispute, no further submissions are required at this time.

### d.     Dismissal of Defendant DeSimone Based on the Decision

Finally, Defendants assert that Defendant DeSimone should be terminated from the action because the only claims in the complaint regarding Defendant DeSimone specifically were resolved in Defendants' favor in the Decision.  *See* ECF No. 66 at 7.  Plaintiffs did not respond to this point in their opposition submission.  *See* ECF No. 67.

This issue is not properly raised as part of a motion for reconsideration—Defendants are not actually asking the Court to reconsider anything pertaining to Defendant DeSimone.  Instead, Defendants are seeking administrative clarification of what role, if any, Defendant DeSimone will have as this matter proceeds.

\* \* \* \* \* \* \* \* \* \*

In advance of the next status conference in this case, the parties are hereby directed to meet and confer regarding the site plan issue to discuss either a mutually agreeable resolution of the issue or a joint proposal for additional *short* submissions to enable the Court to resolve it.  As part of that meet and confer, the parties must also discuss whether Defendant DeSimone should continue to be named as a Defendant in light of the particular allegations against him in the

complaint and the specific claims that remain to be tried. The parties should be prepared to address both of these issues, as well as other scheduling matters, at the conference.

## CONCLUSION

For the reasons set forth above, Defendants' motion for reconsideration is DENIED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 65.

The Court will issue a separate order to schedule an in-person conference to discuss next steps in this matter.

Dated: September 30, 2021
      White Plains, New York

                              **SO ORDERED**,

                              _____
                              ANDREW E. KRAUSE
                              United States Magistrate Judge