UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JOHN CARMINUCCI and
TIN CAN HOLDINGS, LLC,

       Plaintiffs,      **DECISION AND ORDER**

 -against-          18-cv-2936 (AEK)

SAL PENNELLE and
TOWN OF MOUNT PLEASANT,

       Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

   On September 30, 2021, the Court issued a Decision and Order denying Defendants'

motion for reconsideration of the August 14, 2020 Decision and Order issued by the Honorable

Lisa Margaret Smith, which had granted in part and denied in part Defendants' motion for

summary judgment.  ECF No. 69  The Court assumes the parties' familiarity with the facts of

this case and all prior decisions.

   As part of the September 30, 2021 Decision, the Court determined that it did not have

enough information to resolve Defendants' challenge to Judge Smith's ruling regarding

Plaintiffs' First Amendment retaliation claim as to the enforcement of the site plan provision of

the Mount Pleasant Town Code.  ECF No. 69 at 8-10.  Following an October 19, 2021 status

conference, the parties submitted further letters regarding the site plan issue to address the

Court's outstanding questions.  *See* ECF Nos. 73, 74.  For the reasons set forth below,

Defendants' motion for reconsideration of that portion of Judge Smith's August 14, 2020

Decision and Order that denied their motion for summary judgment as to Plaintiffs' First

Amendment retaliation claim regarding the site plan provision is GRANTED, and that portion of Plaintiffs' First Amendment retaliation claim is DISMISSED.

As set forth in the September 30, 2021 Decision, Judge Smith concluded in the August 14, 2020 Decision that the property at issue in this lawsuit does not have a site plan.  *See* ECF No. 69 at 8 (citing ECF No. 64 at 24).  In addition, as explained in the September 30, 2021 Decision, the Mount Pleasant Town Code contains provisions that (i) require special use permits for automobile repair garages; (ii) require a site plan to be submitted with an application for a special use permit; and (iii) require that special use permits for automobile repair garages be issued for 15-year periods.  *See* ECF No. 69 at 8-9.  Reconsideration of Judge Smith's August 14, 2020 Decision as to this point is warranted because the August 14, 2020 Decision did not specifically address the applicability of these Town Code provisions regarding special use permits for automobile repair garages in the section of that decision regarding the site plan provision.

While Plaintiffs' predecessor in interest submitted a site plan and received a special use permit in October 1994, *see* ECF No. 46-2, there is no indication in the record that Plaintiffs ever properly submitted a site plan and application for a special use permit for the property since the expiration of the 15-year special use permit period in October 2009.  *See id.* at 9; *Costa v. Callahan*, 41 A.D.3d 1111, 1115 (N.Y. App. Div. 2007) (3d Dep't) (a property owner whose property is a pre-existing non-conforming use "remains obligated to comply—in all respects— with other applicable laws and ordinances and should not be permitted to operate in violation of governing rules and regulations with impunity") (quotation marks omitted); *Town Bd. of the Town of Southampton v. 1320 Ent., Inc.*, 236 A.D.2d 387, 388 (N.Y. App. Div. 1997) (2d Dep't) (the fact that a property may have a pre-existing non-conforming use under an applicable zoning

ordinance "does not preclude the Town from seeking to enforce other provisions within the code to the extent that they constitute legitimate exercises of its police powers to protect the public health, safety, and welfare").

In the original briefing regarding Defendants' motion for reconsideration, Plaintiffs suggested that the 15-year renewal requirement in the Town Code was not necessarily in effect at the time the information in this case was issued in July 2015.  *See id.*  This prompted the Court to seek further information from Defendants regarding the applicability of this particular Town Code provision during the relevant period.  *See id.* at 10.

In their supplemental submission, Defendants have confirmed that the relevant provisions of Town Code § 218 were in effect in 2015.  *See* ECF No. 73 at 2; Town of Mount Pleasant, NY Code, Chapter 218 – Zoning, *available at* https://ecode360.com/9607959 (last visited March 18, 2022).  Plaintiffs do not address this specific question—which was clearly identified in the September 30, 2021 Decision as a focal point of the Court's inquiry, *see* ECF No. 69 at 10—in their supplemental submission.  *See* ECF No. 74.  As the Court explained in the September 30, 2021 Decision, if the relevant "Town Code provisions requiring renewal of special use permits every 15 years were in effect in 2015, then it is no defense to an alleged violation of those provisions that the Defendants had taken too long to pursue enforcement from the time the 1994 permit expired in 2009."  ECF No. 69 at 9-10.  As it is now clear that the relevant Town Code provisions were in effect in 2015, and there is no evidence in the record that Plaintiffs ever properly submitted a site plan for the property after the expiration of the prior special use permit in 2009, the Court concludes that Defendant Pennelle did have probable cause to issue a violation for the failure to obtain necessary site plan approvals to operate a repair garage at the

property.[1]  Because, as Judge Smith explained in the August 14, 2020 Decision, "[t]he existence of probable cause will defeat . . . a First Amendment claim that is premised on the allegation that defendants prosecuted a plaintiff out of a retaliatory motive," ECF No. 64 at 20 (quoting *Fabrikant v. French*, 691 F.3d 193, 215 (2d Cir. 2012)), the existence of probable cause for the site plan violation is sufficient to defeat Plaintiffs' First Amendment retaliation claim to the extent it is premised on that violation.

Without citing to any law, Plaintiffs argue in their supplemental submission that the existence of probable cause "is not the issue," and instead "the issue is what motivated the selective enforcement" by Defendants against Plaintiffs.  ECF No. 74 at 2.  But the existence or non-existence of probable cause was precisely the narrow issue in question for purposes of Judge Smith's August 14, 2020 Decision on this point, as well as Defendants' motion for reconsideration and this Court's request for further briefing and clarification.  Plaintiffs focus most of their supplemental submission on the issue of "selective enforcement" regarding the site plan, even though Judge Smith already granted Defendants' motion for summary judgment as to Plaintiffs' selective enforcement claim regarding the site plan requirement, *see* ECF No. 64 at 47-48, and Plaintiffs did not seek reconsideration of that portion of the original summary judgment decision.

---

[1] In their supplemental submission, Defendants contend that the site plan violation in the information is "co-extensive" with the special use permit violation relating to the alleged improper operation of a junkyard at the property, because a site plan must be submitted as part of an application for a special use permit.  *See* ECF No. 73 at 1-2.  But the information that sets forth the charges at issue in this matter specifically states that the alleged failure to obtain site plan approvals related to the operation of a "repair garage," rather than to any other purposes for which Plaintiffs were using the property.  *See* ECF No. 46-23 at 3.  Accordingly, the site plan violation must be evaluated with reference to the operation of a repair garage, rather than the operation of a junkyard.

On balance, Defendants have satisfied the rigorous legal standard for a motion for reconsideration.  Because there was probable cause for Defendant Pennelle to issue a violation regarding non-compliance with the Town Code site plan requirement, Plaintiffs cannot proceed on their First Amendment retaliation claim on that basis.

## CONCLUSION

For the reasons set forth above, Defendants' motion for reconsideration of that portion of Judge Smith's August 14, 2020 Decision and Order that denied their motion for summary judgment as to Plaintiffs' First Amendment retaliation claim regarding the site plan requirement is GRANTED, and that portion of Plaintiffs' First Amendment retaliation claim is DISMISSED.

Dated: March 21, 2022
        White Plains, New York

**SO ORDERED**,

_____
ANDREW E. KRAUSE
United States Magistrate Judge

5